**SIGNED THIS: November 20, 2007**

                                             _____
                                                          **GERALD D. FINES**
                                                **UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CHRISTINA L. COGDILL, | ) | Bankruptcy Case No. 05-94585 |
| | ) | |
| Debtor. | ) | |
| STEVE MILLER, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary Case No. 07-9052 |
| | ) | |
| TENNA KNOX, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

This matter having come before the Court on a Motion to Vacate Order Dismissing Adversary; the Court, having reviewed said Motion and the record of the instant adversary proceeding and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in dispute and are, in pertinent part, as follows:

1. The instant adversary proceeding was filed as a Complaint to Avoid Preferential Transfer on September 27, 2007.

2. Following the service of summons, Defendant, Tenna Knox, filed a *pro se* answer on October 11, 2007.

3. On October 12, 2007, a notice was sent to all interested parties setting the matter for a pre-trial hearing on November 1, 2007.

4. On October 25, 2007, Defendant, Tenna Knox, filed a motion to continue the November 1, 2007, pre-trial hearing, indicating that she would be out of town, and requested that the proceeding be re-scheduled for a later date.

5. On October 25, 2007, an Order was entered granting the motion to continue of Defendant, Tenna Knox, and a notice was sent to all parties, including the Plaintiff, Steve Miller, indicating that a continued pre-trial hearing would be held on November 15, 2007, at 9:00 a.m.

6. A review of the record of this proceeding verifies that Plaintiff, Steve Miller, received notice at 11 East North Street, Danville, Illinois, of the continued pre-trial hearing set for November 15, 2007, at 9:00 a.m.

7. At pre-trial, on November 15, 2007, Defendant, Tenna Knox, appeared personally *pro se*; however, Plaintiff, Steve Miller, failed to appear. Defendant requested that the matter be dismissed for the Plaintiff's failure to prosecute the action. Defendant's request was allowed with a written order dismissing the adversary proceeding entered for the Plaintiff's failure to appear at the pre-trial hearing set on November 15, 2007.

8. Subsequent to the Order Dismissing Adversary, Plaintiff, Steve Miller, filed the instant Motion to Vacate Order Dismissing Adversary stating that the matter was mistakenly calendared by his office for November 16, 2007, rather than November 15, 2007.

Conclusions of Law

In considering the Motion to Vacate Order Dismissing Adversary, the Court notes that the *pro se* Defendant appeared at hearing on November 15, 2007, and requested that the matter be dismissed based upon her appearance and the fact that she had to miss work in order to appear. The Court agreed with the Defendant's position, and, as such, dismissed the above-captioned adversary proceeding. After reviewing the Motion to Vacate Order Dismissing Adversary filed by the Plaintiff, the Court finds that the Motion must be denied.

In addition to failing to appear at the hearing in this matter scheduled for November 15, 2007, the Court notes that Plaintiff, Steve Miller, has failed to appear on numerous occasions at other hearings scheduled before this Court. In fact, Steve Miller failed to appear on his own fee applications in two separate cases on November 20, 2007. Furthermore, the Court notes that Attorney Steve Miller frequently appears for hearings late, and, on occasion, has only appeared after a phone call was made to his office requesting his presence in open Court. The record of the instant adversary proceeding clearly indicates that Attorney Steve Miller received ample notice of the hearing set on November 15, 2007, and, in absence of any credible excuse for his failure to appear, the Court finds that the Order Dismissing Adversary was appropriate based upon the Plaintiff's failure to attend the hearing and to prosecute the case.

###